**UNITED STATES OF AMERICA**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GHAISAA AFIOUNI,

Plaintiff,

v.

ARAB COMMUNITY CENTER FOR ECONOMIC AND SOCIAL SERVICES (ACCESS),

Defendant.
_________________________________/

Case No. 22-cv-12365

Hon. Jonathan J.C. Grey

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF No. 66)**

## I. INTRODUCTION

Defendant Arab Community Center for Economic and Social Services (ACCESS) has filed a motion for reconsideration of the Court's March 31, 2026 order granting summary judgment in ACCESS's favor and finding that ACCESS failed to seek summary judgment on one of Plaintiff Ghaisaa Afiouni's claims. (ECF No. 63.) For the reasons stated below, the Court **DENIES** ACCESS's motion for reconsideration.

## II. BACKGROUND

ACCESS filed its summary judgment motion on June 10, 2025. (ECF No. 50.) In its motion, it moved for summary judgment on Afiouni's employment discrimination claims. Notably, ACCESS identified that it was moving to dismiss Afiouni's claims that it denied her "promotions," "pay raises," and "discharged her" "due to her religion." (ECF No. 50, PageID.672-674.) In the accompanying brief, ACCESS provided headers, addressed elements, and developed arguments seeking dismissal of each of those three claims. (ECF No. 50, PageID.703-708.) The Court granted summary judgment on Afiouni's promotion, missing pay raises, and termination claims. (ECF No. 63, PageID.1780.) Because ACCESS's motion and brief did not discuss all of Afiouni's claims, the Court's order clarified that Afiouni's benefit claims remained for trial. (*See id.* at PageID.1743, 1761 at n.10, 1780.) The Court specifically noted that ACCESS did not seek summary judgment on Afiouni's claim about discriminatory paid time off benefits (*id.* at PageID.1761 at n.10) and stated that her claim that she was denied certain paid time off days because of her religion remained before the Court. (*Id.* at PageID.1743, 1761.)

## II. LEGAL STANDARD

Eastern District of Michigan Local Rule 7.1(h) provides, in relevant part:

(h) Motions for Rehearing or Reconsideration.

> * * * * *
>
> (2) Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> (B) An intervening change in controlling law warrants a different outcome; or
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

To succeed on a motion for reconsideration, the movant "must show that the Court made a mistake based on the record before it, and rectifying the mistake would change the outcome." *Dassault Systèmes, SA v. Childress*, 828 F. App'x 229, 236–237 (6th Cir. 2020) (citation omitted). Moreover, "[a] motion for reconsideration is not" intended "as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant*

*Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). New arguments "raised for the first time in a motion for reconsideration at the district court generally [are] forfeited." *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331–332 (6th Cir. 2009).

## III. ANALYSIS

ACCESS's motion for reconsideration does not rely on any intervening change in controlling law, nor any new facts that warrant a different outcome. Accordingly, the Court evaluates ACCESS's motion for reconsideration in the context of whether the Court made a mistake, and that if corrected, changes the outcome of the Order. Having considered ACCESS's motion for reconsideration and Afiouni's response, the Court does not find that a hearing is necessary. (ECF No. 66; ECF No. 71.)

ACCESS contends that the Court misread its motion and was incorrect in not considering its requests to "grant…summary judgment and enter an order dismissing all of the remaining counts and claims of the [Plaintiff's] Complaint." (ECF No. 66, PageID.1795 (citing ECF No. 50, PageID.675 ¶ 11.)) ACCESS suggests because it mentioned "all" remaining claims, the Court should have addressed Afiouni's

discrimination benefits claim. It argues that "[a] movant need not enumerate every one of a plaintiff's scattershot claims with specificity" and that Afiouni was on notice that it was moving to dismiss her benefits claim. (ECF No. 66, PageID.1798.) It also attempts to identify evidence in the record that it failed to discuss or cite in its motion for summary judgment and argues that no genuine dispute of material facts exists as to this claim. (ECF No. 66, PageID.1799-1801.)

Contrary to ACCESS's mischaracterization, Afiouni's paid time benefits claim was not a "scattershot claim[ ]." The Court explicitly acknowledged her benefits claim in its order addressing ACCESS's earlier motion to dismiss. (ECF No. 15, PageID.276.) There the Court stated, "Afiouni further alleged the existence of a policy allowing Muslim employees to take paid time off for Ramadan but not extending any similar paid time off to non Muslim employees. If substantiated, such a policy could violate Title VII." (ECF No. 15, PageID.276).

This is not a circumstance where the Court overlooked a claim or made a mistake in its Order addressing summary judgment. ACCESS's motion for summary judgment and brief failed to raise any issues, statements, or arguments about the discriminatory paid time off benefits

claim and the elements for such claim. (ECF No. 50). Now, in its motion for reconsideration, ACCESS wishes to advance or develop a new ground for dismissing Afiouni's remaining claim. Such development is not permitted. *See Huntington Nat'l Bank*, 574 F.3d at 331–332.

Because ACCESS could have, but did not, raise this argument in its motion for summary judgment and/or before the Court ruled on the motion for summary judgment, the argument is barred. *See Mount Pleasant*, 298 F. Supp. 2d at 637 (citing *Sault Ste. Marie*, 146 F.3d at 374) ("[A] motion for reconsideration is not properly used as a vehicle to ... advance positions that could have been argued earlier but were not."). Additionally, "[i]n this circuit, it is well-settled that [i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to…put flesh on its bones." *Pryor v. Holder*, 436 F. App'x 471, 479 (6th Cir. 2011).

Because ACCESS fails to identify a mistake that would warrant a different outcome and instead advances a new argument, the Court **DENIES** its motion for reconsideration.

## V. CONCLUSION

Accordingly, **IT IS ORDERED** that ACCESS's motion for reconsideration (ECF No. 66) is **DENIED**.

**SO ORDERED.**

Dated: September 11, 2026

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 11, 2026.

s/ S. Osorio
Sandra Osorio
Case Manager